John AGOSTA, Frances Agosta, Allan Dorman, Particia Dorman, Stanley Futoran, Deboarah Futoran, Neil Munro, and Lilian Munro, Plaintiffs,

v.

UNITED STATES POSTAL SERVICE, Defendant.

No. 00–CV–1124(ADS)(ETB).

United States District Court, E.D. New York.

March 24, 2000.

| | | | |
|---|---|---|---|
| P. Tusch | 66 | $250 | $16,500 |
| M. Cacace | .5 | $300 | $150 |
| M. Santagata | 21.4 | $200 | $4,280 |
| R. Kowalski | 48.2 | $150 | $7,230 |
| D. Hetrick | 102 | $100 | $10,200 |
| | | Total Fees | $38,360 |
| | | Total Costs | $292.03 |
| | | Total Award | $38,652.03 |

William Holst, Commack, NY, for Plaintiffs.

Loretta Lynch, U.S. Attorney, Eastern Dist. of New York, Brooklyn, NY, by Gail Matthews and Paul Kaufman, Assistant United States Attorneys, for Defendant.

## MEMORANDUM OF DECISION
## AND ORDER

SPATT, District Judge.

The Plaintiffs filed this action seeking, among other things, an injunction against the Defendant United States Postal Service preventing it from implementing a plan to consolidate ZIP codes for the hamlets of Hauppauge, Ronkonkoma, and Central Islip into the ZIP code for Islandia, New York. On March 3, 2000, this Court denied the Plaintiffs' application for a temporary restraining order and directed the parties to appear before United States Magistrate Judge E. Thomas Boyle for a hearing on whether a preliminary injunction should issue. Because the ZIP code change was scheduled to occur on Saturday, March 11, 2000, the process was expedited.

Magistrate Judge Boyle conducted the hearing on Monday, March 6, 2000, taking testimony from two witnesses on behalf of the Plaintiffs with documents being offered by both parties. On Thursday, March 9, 2000, Magistrate Judge Boyle issued a Report and Recommendation, finding that that Plaintiffs had not established that any irreparable injury would result from the Postal Service's actions; that the Plaintiffs did not demonstrate a likelihood of success in the underlying action; that the court lacked subject matter jurisdiction over the action; and that the balance of equities tipped in favor of the Postal Service. The Plaintiffs filed objections to Judge Boyle's Report, alleging that the court does have subject matter jurisdiction over the claims; that Judge Boyle made erroneous factual findings in favor of the Postal Service; and that the Plaintiffs have demonstrated irreparable harm. This Court heard oral argument on the Plaintiffs' objections on Friday, March 10, 2000. This decision memorializes the Court's oral ruling following those arguments.

■ An award of an injunction is not something a plaintiff is entitled to as a matter of right, but rather it is an equitable remedy issued by a trial court, within the broad bounds of its discretion, after it weighs the potential benefits and harm to be incurred by the parties from the granting or denying of such relief. *Ticor Title Ins. Co. v. Cohen*, 173 F.3d 63, 1999 WL 222965, (2d Cir.1999). A preliminary injunction is considered an "extraordinary" remedy that should not be granted as a routine matter. *See JSG Trading Corp. v. Tray–Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990); *Hanson Trust PLC v. ML SCM Acquisition, Inc.*, 781 F.2d 264, 273 (2d Cir.1986) (preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies"). The general standard for issuing a preliminary injunction requires that the movant show (1) irreparable harm and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Maryland Casualty Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d. Cir.1997) (quoting *International Dairy Foods Ass'n v. Amestoy*, 92 F.3d 67, 70 [2d Cir.1996] [quoting in turn Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 [2d Cir.1979]] ); *NAACP v. Town of East Haven*, 70 F.3d 219, 223 (2d Cir.1995). However, where, as in this case, a plaintiff seeks an injunction to "prevent government action taken pursuant to statutory authority, which is presumed to be in the public interest," the second "serious questions" prong is inapplicable and the plaintiff is required to demonstrate a likelihood of success on the merits. *See Molloy v. Metropolitan Trans. Auth.*, 94 F.3d 808, 811 (2d Cir.1996)(citing *Able v. United States*, 44 F.3d 128, 130 [2d Cir.1995][per curiam] ).

■ Assuming, for purposes of this motion and determination, that the Plaintiffs are correct and this Court does indeed have subject matter jurisdiction over this case, this Court nevertheless finds that a preliminary injunction should not issue.

The Court agrees with Judge Boyle that the Plaintiffs have not shown any irreparable harm. The only evidence offered by the Plaintiffs to show that they will be injured by the change in ZIP codes was testimony by Thomas Selya, a real estate sales person, whose testimony was wholly unenlightening. Selya's testimony established that the average sale price for homes in Hauppauge and Ronkonkoma was significantly higher than the average sale price for homes in Central Islip and Islandia, and that community identification was a significant, but not the predominant factor in establishing the value of a home. Selya did *not* offer any opinion as to how the change in ZIP codes would affect housing values in the area. In fact, Selya testified that his office organizes information by township, not by ZIP code. The evidence in the record establishes that the change in ZIP codes will not have any effect on the existing political boundaries of the various municipalities, and that the Postal Service will continue to recognize the hamlets by name even though they will share a single ZIP code. Based on all of this evidence, the Court agrees with Judge Boyle that the Plaintiffs have failed to show that any tangible harm will result if the preliminary injunction is denied. In sum, the Plaintiffs totally failed to show irreparable harm as a result of the contemplated changes in the ZIP codes by the U.S. Postal Service.

■ Nor have the Plaintiffs demonstrated a likelihood of success on the merits. The nature of the Postal Service's action in this case is the creation of a new ZIP code, not an adjustment of the boundaries of an existing ZIP code. Pursuant to the Postal Service's Management Instruction, customer *preference* must be considered when adjusting the boundaries of a ZIP code, but the creation of a new ZIP code, as·in this case, merely requires the Postal Service to consider customer *interests*. While the parties did not specifically address the difference between customer *preferences* and customer *interests*, the Court finds that the latter term does not require the Court to conduct any public hearings prior to making a decision to create a ZIP code. The record reflects that the Postal Service did consider concerns raised by the customers in the affected areas, and met with representatives of the communities to discuss their concerns about the change. Moreover, the Postal Service has amply demonstrated that its current and future mail handling needs outweigh any minor inconveniences that the affected customers might suffer. On this record, the Court finds that the Plaintiffs failed to prove that there is a likelihood of success on the merits of their claim.

■ Finally, this Court agrees with Judge Boyle's findings relating to the balance of the equities. The Postal Service has established that it has undertaken extensive efforts to prepare for making the ZIP code change, including reassigning delivery routes, transferring equipment, and updating computer information to reflect the new ZIP code assignment. The Postal Service would suffer significant harm and damage if an injunction issued. By contrast, the Plaintiffs have shown no tangible harm that they will suffer if the change is permitted to occur. In addition, the Court notes that the Plaintiffs have been on notice that the change was imminent since at least December 6, 1999, but delayed commencing this case for more than two months. Had the Plaintiffs commenced this action earlier, many of the Postal Service's preparations could have possibly been postponed or avoided pending the outcome of this suit. On these facts, the Court finds that the balance of the equities tips decidedly in favor of the Postal Service.

Therefore, this Court agrees with Judge Boyle that the Plaintiffs have failed to make the necessary showing to entitle them to a preliminary injunction. The Court denies the Plaintiffs' objections to Magistrate Judge Boyle's Report and Recommendation and adopts the Report and Recommendation in its entirety. Accord-

ingly, the request by the Plaintiffs for a preliminary injunction is DENIED.

**SO ORDERED**